**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    19-50348 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-01240-L-2 |
| v. | |
| ULYSSES RAMOS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Submitted December 2, 2020**

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

Ulysses Ramos appeals from the district court's judgment and challenges the

24-month sentence imposed upon his fourth revocation of supervised release. We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ramos contends that the district court impermissibly considered

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

rehabilitative purposes in determining the length of his sentence. *See Tapia v. United States*, 564 U.S. 319, 335 (2011) (district courts are precluded from imposing or lengthening a sentence to promote rehabilitation); *United States v. Grant*, 664 F.3d 276, 280 (9th Cir. 2011) (applying *Tapia* to sentences imposed on revocation of supervised release). We review for plain error, *see Grant*, 664 F.3d at 279, and conclude there is none. Although the district court expressed concern about the danger Ramos poses to himself and discussed the availability of rehabilitation programs in prison, the record does not suggest that the court imposed or lengthened the sentence to promote rehabilitation. *See Tapia*, 564 U.S. at 334 (a district court does not run afoul of 18 U.S.C. § 3582(a) by "discussing the opportunities for rehabilitation within prison").

**AFFIRMED.**